H. Joseph Jung (SB#184215)
The Jung Law Firm
166 Santa Clara Ave.
Oakland, CA 94610
Tel. (510) 658-2500
Fax. 510 658 2534
Email: humejung@yahoo.co.kr

Attorneys for Defendant, Yong Won dba Gooyi Gooyi and Does 1-10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES RODRIGUEZ,<br><br>        Plaintiffs,<br><br>    vs.<br><br>YONG WON DBA GOOYI GOOYI AND<br><br>DOES 1 TO 10,<br><br>        Defendant. | Case No.: C07-03914<br><br>DEFENDANT YONG WON'S ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

DEFENDANT YONG WON dba GOOYI GOOYI ('hereinafter "Defendant")  answer the Complaint for Damages filed by plaintiff, and demand for a jury trial as follows:

1.        Admit on information and belief that plaintiff was an employee of Defendant and deny the remaining allegations based on a lack of information and belief in paragraph 1.

2.        Admit that Plaintiff was an individual resident of Santa Clara County in paragraph 2.

3.        Admit that Defendant is a restaurant located in Santa Clara, California in paragraph 3.

4.        Admit that Defendant is an individual doing business as GOOYI GOOYI, a restaurant located in Santa Clara, CA as alleged in Paragraph 4.

5.        Deny based on a lack of information and belief the allegations in paragraph 5.

6.        Admit that Plaintiff was an employee of Defendant as alleged in paragraph 6.

7.        Admit that Plaintiff was an employee of Defendant acting in normal course and scope of employment as alleged in paragraph 6.

8.        Admit Plaintiff worked in excess of 8 hours on some days and deny that she worked more than 8 hours everyday.  Defendant further admit that Plaintiff worked more than 40 hours per week

Case 5:07-cv-03914-PVT     Document 3     Filed 10/15/2007     Page 2 of 5

as alleged in paragraph 8.

9. Admit that Plaintiff worked on a salary basis as alleged in paragraph 9.

10. Admit that Plaintiff was not exempted salaried employee as alleged in paragraph 10.

11. Admit on information and belief allegations in paragraph 11.

12. Deny on a lack of information and belief the allegations of paragraph 12.

13. Deny on a lack of information and belief the allegations of paragraph 13.

14. Admit on information and belief the overtime laws stated in paragraph 14.

15. Admit on information and belief that Plaintiff did work over 8 hours per day on certain days and over 40 hours per week in certain weeks; Defendant deny other allegations in paragraph 15.

16. Admit on information and belief the overtime laws stated in paragraph 16.

17. Deny on information and belief and lack of information and belief hat Defendant owes wages subject to proof as alleged in paragraph 17.

18. Admit on information and belief that Defendant failed to pay wages if owed but denies that Defendant refused to pay.

19. Deny on information and belief allegations in paragraph 19.

20. Deny on information and belief as to the amount in paragraph 20.

21. Deny on information and belief allegations in paragraph 21.

22. Admit on information and belief allegations in paragraph 22.

23. Admit on information and belief allegations in paragraph 23.

24. Deny on information and belief allegations in paragraph 24.

25. Deny on information and belief allegations in paragraph 25.

26. Deny on information and belief allegations in paragraph 26 as to amount.

27. Deny on information and belief allegations in paragraph 27.

28. Deny on information and belief allegations in paragraph 28 as to amount.

29. Deny on information and belief allegations in paragraph 29.  Plaintiff could have gone to Labor Commission, a state agency, without having to incur any attorney's fees.

30. Deny on information and belief allegations in paragraph 30.

31. Deny on information and belief allegations in paragraph 31 as to amount.

32. Deny on information and belief allegations in paragraph 32.

Defendant's Answer to Complaint for Damages and Demand for Jury Trial  - 2

33. Deny on information and belief allegations in paragraph 33.
34. Deny on information and belief allegations in paragraph 34.
35. Deny on information and belief allegations in paragraph 35.
36. Deny on information and belief allegations in paragraph 36.
37. Admit on information and belief the overtimes laws stated in paragraph 37.
38. Deny on information and belief allegations in paragraph 38.
39. Deny on information and belief allegations in paragraph 39.
40. Deny on information and belief allegations in paragraph 40.
41. Admit on information and belief that Defendant owes some wages not paid yet in paragraph 41.
42. Deny on information and belief allegations in paragraph 42.
43. Deny on information and belief allegations in paragraph 43.
44. Deny on information and belief allegations in paragraph 44.
45. Admit on information and belief the laws stated in paragraph 45.
46. Admit on information and belief the laws stated in paragraph 46.
47. Deny on information and belief allegations in paragraph 47.
48. Deny on information and belief allegations in paragraph 48.
49. Deny on information and belief allegations in paragraph 49.
50. Deny on information and belief allegations in paragraph 50.
51. Deny on information and belief allegations in paragraph 51.
52. Deny on information and belief allegations in paragraph 52.
53. Admit on information and belief that laws stated in paragraph 53.
54. Admit on information and belief that the minimum wage was $6.75 per hour.
55. Deny on information and belief allegations in paragraph 55.
56. Deny on information and belief allegations in paragraph 56.
57. Deny on information and belief allegations in paragraph 57.
58. Deny on information and belief allegations in paragraph 58.
59. Deny on information and belief allegations in paragraph 59.
60. As for the PRAYER FOR RELIEF, deny based on both information and belief and a

lack of information and belief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

61.  The Complaint (and its alleged causes of action) does not state sufficient facts to constitute a cause of action against answering Defendant.

### SECOND AFFIRMATIVE DEFENSES

62.  Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence for the alleged damages. The resulting damages, if any, were proximately caused or contributed in whole or in part by Plaintiffs' negligence.

### THIRD AFFIRMATIVE DEFENSE

63.  Other persons were careless and negligent and failed to exercise reasonable and ordinary care, caution or prudence abut the matters set forth in the Complaint, and this carelessness and negligence proximately caused, in whole or in part, Plaintiffs' alleged damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

64.  The action filed in this case is not maintainable under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

65.  Plaintiffs' Complaint, and each and every cause of action therein, is barred by the applicable statute of limitation.

### SIXTH AFFIRMATIVE DEFENSE

66.  The alleged damages of Plaintiffs, if any, resulted from an independent, intervening cause over which this answering Defendant had no control

### SEVENTH AFFIRMATIVE DEFENSE

67.  The damages, if any, complained of were caused in whole or in part by unusual, wholly natural phenomena or acts of God of unanticipated size and severity, and these phenomena or acts of God could not have been reasonably foreseen by answering Defendant, and answering Defendant could not have reasonably prevented the results of these phenomena or acts of God.

### EIGHTH AFFIRMATIVE DEFENSE

68.  Plaintiff voluntarily consented to and participate in the acts complaints of, and she failed

to mitigate her damages, and said failure proximately contributed to the events and damages alleged in Complaint.

### NINTH AFFIRMATIVE DEFENSE

69. The answering Defendant alleges that the Complaint is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

70. The answering Defendant alleges that Plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

71. The answering Defendant alleges that there was a failure of consideration for the contract alleged.

WHEREFORE, this answering Defendant prays judgment as follows:

1. That Plaintiffs take nothing by virtue of the Complaint on file herein, and that this action be dismissed.
2. For costs of suit therein;
3. For attorney's fees;
4. For a declaration from this Court decreeing that if this Defendant is found liable, that the degree of the responsibility and liability for the resulting damages be determined and that this answering Defendant be held liable only for that portion of the total damages in proportion to his liability for total damages; and
5. For such other and further relief as the Court may deem proper.

DATED: _____, 2007

_____
H. JOSEPH JUNG
Attorney for Defendant, Yon Won